346 P.2d 1079

UTAH FREIGHTWAYS, INC., Plaintiff,

v.

PUBLIC SERVICE COMMISSION of Utah, and Carbon Motorways, Inc., Defendants.

No. 9078.

Supreme Court of Utah.

Nov. 27, 1959.

Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, for plaintiff.

Walter L. Budge, Atty. Gen., Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for defendants.

WADE, Justice.

This is a proceeding to review an order of the Public Service Commission of Utah denying the petition of Utah Freightways, Inc. to use Highway 91 as an alternate route for hauling general commodities between Salt Lake City and Provo under its Certificate of Convenience and Necessity No. 1193, which authorized it to transport:

"Commodities generally: between Salt Lake City, Utah, and Provo, Utah; via U. S. Highway 40 between Salt Lake City and Heber City, and between Heber City and Provo, Utah, via U. S. Highway 189; with permission to use for convenience of travel only U. S. Highway 91 between Provo and Salt Lake City and the Orem Cut-off over Utah Highway 52, but excluding local service between Salt Lake City and Provo over U. S. Highway 91, and excluding service to any and all intermediate and off route points between Salt Lake City and Provo via U. S. Highway 40 and 189."

Utah Freightways, Inc. contends the action of the Commission in denying its petition is arbitrary and capricious.

The authorization granted Utah Freightways, Inc. in Certificate No. 1193 had been part of an authorization granted to Wallace A. Peterson, doing business as Wally's Motor Line, in Certificate No. 1001. Certificate No. 1001 was issued mainly for transportation service from Salt Lake City to Summit and Wasatch County points, the service between Salt Lake City and Provo being merely incidental to the service for Summit and Wasatch County points via the Heber City route. Upon the petition of Peterson, who found himself in financial difficulties, and over the objection of Carbon Motorways, Inc., also the protestant in the instant case, the Commission cancelled Certificate No. 1001 and in lieu thereof split the authority contained therein into two parts and issued Certificate No. 1193 to the plaintiff herein, Utah Freightways, Inc., transferring to it the authority quoted above. At the same time it issued to Wallace A. Peterson, doing business as Wally's Motor Line, a new Certificate No. 1194 for his remaining authority under Certificate No. 1001 to transport commodities for the intermediate and off-route points between Salt Lake City and Provo over U. S. Highways 40 and 189. The Commission allowed the separation of services because Peterson was a stockholder in Utah Freightways, Inc. and had a contract with it to serve as its manager for five years and the Commission anticipated that the services under such circumstances would be co-ordinated for the mutual financial benefit of both Peterson and Utah Freightways, Inc. and thereby make it possible to continue serving the public over this mountainous route. At the same time the Commission refused Utah Freightways, Inc. permission to alter the route for the transportation of commodities from U. S. Highways 40 and 189 to U. S. Highway 91, a shorter and less mountainous route, because in its opinion such a change would be tantamount to the institution of a new service, and also would adversely affect the service to the intermediate and off-route points of the communities served on the Heber City route for which the original Certificate 1001 had been granted.

The Commission granted the separation of services under Certificate 1001 in 1957 and about a year later this petition was filed by Utah Freightways, Inc., seeking authorization to use Highway 91 as an alternate route under its Certificate 1193. At that time Peterson was no longer associated with it in any way. It appears to be entirely disassociated with any activities relating to servicing of local points on the Heber route and the certificate it holds grants them no such rights. There is no question but that it would be more advantageous economically and otherwise for Utah Freightways, Inc. to use the shorter and less mountainous route traversed by U. S. Highway 91.

■ If Utah Freightways, Inc.'s right to transport commodities between Salt Lake and Provo could be divorced from the purpose for which this right was granted by the Commission, which purpose was to enable it by cooperation with others to continue to serve intermediate and off-route points between Salt Lake and Provo over U. S. Highways 40 and 189, then the Commission's action in refusing to grant its petition for the alternate route would be arbitrary and capricious. However, it is clear that under Certificate No. 1001 the right to transport commodities between Salt Lake and Provo was only in conjunction with the right to serve intermediate and off-route points between Salt Lake and Provo over U. S. Highways 40 and 189, and the separation of the rights contained in that Certificate into two separate certificates granted to separate parties did not change the purpose for the granting of the rights therein. In granting Utah Freightways, Inc. its Certificate No. 1193, the Commission made it clear that it was not granting to it a greater authority than the owner of Certificate No. 1001 had in transporting commodities between Salt Lake and Provo, and that such right was only a right incidental to serving points on the Heber route and to be used in conjunction with such services and not alone. The Commission's refusal to grant the application for an alternate route was not arbitrary or capricious. Had it granted such application, the Commission would have enlarged a right incidentally included in a service which it had found was necessary over an entirely different route into one in which there had never been a finding of convenience and necessity for the particular communities now sought to be served without any reference to the effect on the convenience and necessity of the public upon which the original certificate had been issued.

■■ Utah Freightways, Inc. also contends that the Commission erred in interpreting the permission granted in Certificate No. 1193 to use U. S. Highway 91 between Salt Lake City and Provo for the convenience of travel only but excluding local service between those points to mean that permission was only granted for the movement of empty but not loaded trucks. Ordinarily the language employed in the Certificates could reasonably be interpreted to mean that permission had been granted to use U. S. Highway 91 for the direct transportation of commodities between Salt Lake City and Provo when it was convenient to do so, but there could be no local service to intermediate points on that highway. However, in view of the fact that the Commission is the agency to whom the legislature has delegated the power to determine whether a certificate of convenience and necessity should be issued and what authority should be granted therein, its interpretation of the meaning of the language should be given weight. Under the

history and circumstances disclosed herein its interpretation that by the use of the words "with permission to use for convenience of travel only U. S. Highway 91" it merely authorized such use for the movement of empty trucks or at times when because of snowdrifts or for other reasons U. S. Highways 40 and 189 were impassable, is correct.

Affirmed.

CROCKETT, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.